IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK JULIAN BETHUNE, | : | Civil No. 1:24-CV-01364 |
| Plaintiff, | : | |
| v. | : | |
| CORRECTIONAL OFFICER IAGAVINO, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court are Defendant Kevin Wanga's motion to dismiss the complaint, Doc. 20, Plaintiff Mark Julian Bethune's motion to amend the complaint, Doc. 25, and Plaintiff's motion for an extension of time to file a response to the motion to dismiss the complaint, Doc. 28. The court will grant Plaintiff's motion to amend his complaint, serve the additional defendants named in the amended complaint, deny the motion to dismiss as moot and deny the motion for an extension of time as moot.

### **BACKGROUND AND PROCEDURAL HISTORY**

On August 13, 2024, the court received and docketed Plaintiff's complaint, motion to proceed *in forma pauperis*, certified prisoner trust account statement, and motion to appoint counsel. (Docs. 1, 2, 3, 4.) The complaint named thirty-six defendants and contained factual allegations regarding events that took place at SCI-Camp Hill and SCI-Houtzdale. (Doc. 1.) On October 15, 2024, the court

1

entered an order granting the motion to proceed *in forma pauperis*, screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissing all claims except those fourteen defendants named as parties to the actions that took place at SCI-Houtzdale.  (Doc. 7.)  The court than served the complaint on twelve of the fourteen defendants.[1]  (Doc. 8.)  The twelve defendants who were served filed waivers of service.  (Docs. 12, 15.)

On December 16, 2024, Defendant Kevin Wanga filed a motion to dismiss the complaint.  (Doc. 20.)  On January 28, 2025, Plaintiff filed a motion to amend the complaint, a proposed amended complaint, and a brief in support.  (Docs. 25, 25-2, 26.)  On January 30, 2025, Plaintiff filed his second motion for an extension of time to respond to Defendant Kevin Wanga's motion to dismiss.  (Doc. 28.)

The court will now grant the motion to amend the complaint, screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and deny the motion to dismiss and the motion for an extension of time as moot.

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for

---

[1] For an unknown reason, Defendant P.R.E.A. Coordinator Comeaux was terminated as a party and not served a copy of the complaint as ordered by the court.  (Doc. 8.)  Additionally, defendant "John Doe 1" was not served due to a lack of identifying information.

2

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment

3

would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Plaintiff filed an amended complaint to add defendants and correct the spelling of some names. (Doc. 26.) Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it. The complaint was served on Defendants on October 16, 2024. (Doc. 8.) Therefore, the motion to amend the complaint filed in January of 2025 is outside the twenty-one-day deadline. However, pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Therefore, under Fed. R. Civ. P. 15(a)(2), the court will grant Plaintiff's motion to amend the complaint and screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. All Claims Against Defendant Harry Will Be Dismissed Without Prejudice.

Plaintiff names Laurel R. Harry, the Secretary of the Pennsylvania Depart of Corrections ("Harry") as a defendant in this action. (Doc. 25-2, p. 6.)[2] However, Plaintiff did not name Defendant Harry in his alleged facts. (*Id.*, pp. 8–20.)

---

[2] For ease of reference the court uses the page numbers form the CM/ECF header.

Instead, Plaintiff alleges that Defendant Harry "is the secretary of corrections and is legally responsible for the overall operation of each state correction Institution in the state of Pennsylvania, and for the welfare of all the inmates in those prisons including SCI-Camp Hill." (*Id.*, p. 20.) Based on his role as a supervisor, Plaintiff brings multiple constitutional claims against Defendant Harry. (*Id.*, pp. 22–27.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Supervisory liability under § 1983 utilizes the same standard as municipal liability. *See Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir. 1999).

A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See Id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory

practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to allege any of the requirements set forth in *Brown* to establish supervisory liability. This, combined with the lack of alleged facts establishing personal involvement, leads to the conclusion that all claims against Defendant Harry will be dismissed without prejudice.

**B. The Remaining Motions Will Be Denied as Moot.**

Since the court will grant the motion to amend the complaint, the pending motion to dismiss the original complaint and the motion for an extension of time to respond to that motion will be denied as moot.

## CONCLUSION

For these reasons, the court will grant Plaintiff's motion to amend his complaint. The amended complaint shall be the operative complaint moving forward. The court will dismiss all claims raised against Defendant Harry in the amended complaint without prejudice. The court will serve the amended complaint on the three additional named defendants in this action along with Defendant P.R.E.A. Coordinator Comeaux. The court will deny the remaining motions as moot.

    An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 18, 2025