IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK JULIAN BETHUNE, | : | Civil No. 1:24-CV-01364 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| IAGAVINO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Defendant Kevin Wanga ("Wanga"), a psychologist at the State Correctional

Institution at Camp Hill ("SCI-Camp Hill"), has filed a motion to dismiss the

claims raised against him in the amended complaint.  (Doc. 39.)  The court finds

that Plaintiff has not stated a claim for which relief may be granted against

Defendant Wanga.  Therefore, the court will grant this motion and dismiss the

Eighth Amendment claim against Defendant Wanga.

**BACKGROUND AND PROCEDURAL HISTORY**

On August 13, 2024, the court received and docketed Plaintiff's complaint,

motion to proceed *in forma pauperis*, certified prisoner trust account statement,

and motion to appoint counsel.  (Docs. 1, 2, 3, 4.)  The complaint named thirty-six

defendants and contained factual allegations regarding events that took place at

SCI-Camp Hill and SCI-Houtzdale.  (Doc. 1.)  On October 15, 2024, the court

entered an order granting the motion to proceed *in forma pauperis*, screening the

1

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissing all claims except those against the fourteen defendants named as parties to the actions that took place at SCI-Camp Hill.  (Doc. 7.)  The court than served the complaint on twelve of the fourteen defendants.[1]  (Doc. 8.)  The twelve defendants who were served filed waivers of service.  (Docs. 12, 15.)

On December 16, 2024, Defendant Wanga filed a motion to dismiss the complaint.  (Doc. 20.)  On January 28, 2025, Plaintiff filed a motion to amend the complaint, a proposed amended complaint, and a brief in support.  (Docs. 25, 25-2, 26.)  On January 30, 2025, Plaintiff filed his second motion for an extension of time to respond to Defendant Wanga's motion to dismiss.  (Doc. 28.)

The court granted the motion to amend the complaint, screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied the motion to dismiss and the motion for an extension of time as moot.  (Docs. 29, 30.)

The amended complaint was then filed as a separate document and is now the operative complaint in the matter.  (Doc. 31.)  This amended complaint alleges that Plaintiff is a transgender female who suffers from psychological trauma and safety concerns with being housed in a cell with another inmate, and she informed

---

[1] For an unknown reason, Defendant P.R.E.A. Coordinator Comeaux was terminated as a party and not served a copy of the complaint as ordered by the court.  (Doc. 8.)  Additionally, defendant "John Doe 1" was not served due to a lack of identifying information.

staff at SCI-Camp Hill of her safety concerns. (*Id.*, p. 8.)[2]  Plaintiff states that on

October 19, 2023, she met with the PREA coordinator, Tracy K. Comeaux, and

made her aware of her sexual orientation, psychological trauma, and safety

concerns.  (*Id.*)

Plaintiff states that on October 23, 2023, she was placed in a cell with a

Muslim inmate who vocalized his hatred of homosexuality.  (*Id.*, p. 9.)  Plaintiff

complained, and on November 2, 2023, she was transferred to a single cell.  (*Id.*,

p.10.)  However, that same day, she was later transferred to the restricted housing

unit ("RHU") and was told that she threatened her cellmate in the complaint slip.

(*Id.*)  Plaintiff was informed that she was to be housed with another inmate in the

RHU.  (*Id.*, p. 11.)  Her inmate in the RHU expressed hatred for homosexuality

based on his Muslim faith and threatened Plaintiff.  (*Id.*)

Plaintiff alleges that she immediately called for officers and was ignored.

(*Id.*)  Plaintiff states that she informed Michelle Lee Eckstein about her safety

concerns, stated she was suicidal, and was ignored.  (*Id.*, pp. 11–12.)  She then

began to form a noose with her sheet.  (*Id.*, p. 12.)  She placed her neck in the

noose and hung herself.  (*Id.*)  Her cellmate then alerted officers that his cellmate

was attempting suicide.  (*Id.*)  When officers entered her cell, she was hit

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

repeatedly with a shield while her neck was in the noose, and she suffered injuries. (*Id.*)

Plaintiff states that she was taken to medical and was treated for her physical injuries. (*Id.*) Plaintiff was placed in a psychiatric observation cell from November 2, 2023 through November 7, 2023. (*Id.*, p. 13.) On November 7, 2023, Defendant Wanga saw Plaintiff and Plaintiff informed him that she was still in a suicidal mindset. (*Id.*) Plaintiff alleges that Defendant Wanga ignored her, told her that she was released back to the RHU, and walked out of the room while she continued to protest her fear of being placed back in the RHU. (*Id.*) Plaintiff states that Nurse Kimverly M. Bogue was present. (*Id.*)

Plaintiff states that she was then placed back in the RHU cell with no property, no heat, no recreation, and no shower from November 7, 2023 to November 20, 2023. (*Id.*, p. 14.) She shared the cell with inmate Kahlil Hammond. (*Id.*) During this time Plaintiff alleges she was transferred to a second cell and housed in unsanitary conditions. (*Id.*, p. 15.)

On November 20, 2023, Plaintiff alleges that she was placed in a third cell with an inmate who sexually assaulted her. (*Id.*, p.18.) She reported the assault and informed staff that she would kill herself if forced to return to the cell with that inmate. (*Id.*, p. 19.) She was then placed in a psychiatric observation cell and a PREA complaint was initiated. (*Id.*)

4

Based on these alleged facts, Plaintiff brings an Eighth Amendment deliberate indifference claim against Defendant Wanga.  (*Id*., pp. 23–24.)

On April 21, 2025, Defendant Wanga filed a motion to dismiss the amended complaint, arguing that Plaintiff did not exhaust her administrative remedies and that she failed to state a claim for which relief may be granted against Defendant Wanga.  (Doc. 39.)  Plaintiff filed a brief in opposition, and Defendant Wanga filed a reply brief.  (Docs. 62, 63.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 ( 2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Defendant Wanga's Motion To Dismiss Will Be Granted.

Defendant Wanga's motion to dismiss is premised on two arguments: (1) that Plaintiff did not exhaust her administrative remedies; and (2) that Plaintiff did not allege a proper Eighth Amendment deliberate indifference claim. (Doc. 42.) Here, the court will not grant Defendant Wanga's motion based on the administrative exhaustion argument because this is not the procedural juncture for

7

the court to review documents outside the complaint in furtherance of this argument. However, the court will grant Defendant Wanga's motion based on Plaintiff's failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### 1. Administrative Exhaustion

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). However, there are situations in which a grievance procedure may be rendered "unavailable" to an inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*, 578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266–67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up

requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Under Third Circuit precedent, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010)); *see also Drippe*, 604 F.3d at 781 ("Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.") (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)); *cf. Wilkerson v. United States*, No. 3:13-1499, 2014 WL 1653249, at *9 (M.D. Pa. Apr. 24, 2014) ("[I]f there is a dispute of material fact, the court should conduct a plenary trial on the contested facts prior to making [an exhaustion of administrative remedies] determination."). "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Small*, 728 F.3d at 271 (citations omitted).

Defendant Wanga's Rule 12(b)(6) motion is premised on materials outside of the pleadings. (Doc. 42, pp. 5–6.)

Federal Rule of Civil Procedure 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties

must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(b)(d).  Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  The Third Circuit has held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion." *Rose v. Bartle*, 871 F.2d 331, 342 (3rd Cir. 1989).  Even motions under Rule 12 that are drafted as alternative motions for summary judgment under Rule 56 is sufficient to put the other parties on notice.  *Latham v. U.S.*, 306 Fed.App'x. 716, 718 (3rd Cir. 2009).

Here, Defendant Wanga's motion was squarely filed under Rule 12(b)(6), and it did not include an alternative motion under Rule 56.  (Doc. 39.)  No notice of conversion was provided by the court.  Furthermore, Plaintiff's response was framed as a response to a Rule 12(b)(6) motion demonstrating that he was not put on notice of any potential Rule 56 summary judgment decision.  (Doc. 63.)  Therefore, there was not proper notice for the court to convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  Since this portion of the

10

Rule 12(b)(6) motion is premised on evidence outside the court's review of a 12(b)(6) motion, the court will not address the argument that Plaintiff did not exhaust his administrative remedies at this time.

### 2. Eighth Amendment Claim

Defendant Wanga also argues that Plaintiff has not stated a claim under the Eighth Amendment for which relief may be granted because Plaintiff's allegations amount to a mere disagreement over treatment and not deliberate indifference. (Doc. 42.)  The court disagrees with Defendant Wanga's argument and does not view the allegations in the amended complaint as a mere disagreement over treatment.  Instead, this court finds that Plaintiff has not properly alleged causation and will dismiss the Eighth Amendment claim against Defendant Wanga for that reason.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious

11

that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

Defendant Wanga argues that the allegations against him are limited to Defendant Wanga incorrectly deciding to discharge Plaintiff from psychiatric

12

observation on November 7, 2023, which he argues is a mere disagreement over treatment and not deliberate indifference.  (Doc. 42, p. 7.)  However, the court disagrees.

Plaintiff alleged that she told Dr. Wanga that she was suicidal, and he ignored her subjective complaint and discharged her back to the RHU.  (Doc. 31, p. 13.)  However, there is no allegation that this discharge caused either the sexual assault or the unsanitary living conditions.  Significantly, there is no allegation that Dr. Wanga was aware on November 7, 2023 when he discharged Plaintiff to the RHU that she would be released to two different unsanitary cells.  Nor is there any allegation that Dr. Wanga was aware on November 7, 2023 that on November 20, 2023, Plaintiff would be transferred to a third cell with an inmate with a known propensity towards sexual assault.  Therefore, Plaintiff has not adequately alleged that Defendant Wanga's decision to discharge Plaintiff back to the RHU constituted deliberate indifference because she has not alleged that his actions caused her harm.  Here, Plaintiff allegedly informed Defendant Wanga that she was suicidal, but Plaintiff does not allege that she acted on these suicidal tendencies following her discharge to the RHU on November 7, 2026.  As such, Plaintiff cannot establish that Defendant Wanga had knowledge of the risk of the unsanitary conditions in the first two cells or the sexual predator in the third cell

which allegedly posed a serious risk to Plaintiff's health.  Therefore, the Eighth Amendment claim will be dismissed.

This dismissal will be with prejudice since Plaintiff's alleged suicidal actions took place prior to Defendant Wanga's treatment.  As such, any attempts to amend the complaint would be futile to resurrecting this claim.  *See Phillips*, 515 F.3d at 245.

## CONCLUSION

For the reasons set forth above, the court will grant Defendant Wanga's motion to dismiss the Eighth Amendment claim against him.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March10, 2026

14