**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK JULIAN BETHUNE, | : | Civil No. 1:24-CV-01364 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER IAGAVINO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a pending motion for partial judgment on the pleadings filed by Defendants. (Docs. 70, 71). Mark Julian Bethune ("Plaintiff"), an inmate currently housed at the State Correctional Institution Houtzdale ("SCI-Houtzdale"), has also filed three motions for appointment of counsel that are currently pending. (Docs. 69, 81, 87.) For the following reasons, the court will grant Defendants' motion for judgment on the pleading, enter judgment on fifteen of the claims raised in the complaint pursuant to Fed. R. Civ. P. 12(c), and deny the motions for appointment of counsel.

### BACKGROUND AND PROCEDURAL HISTORY

On August 13, 2024, the court received and docketed Plaintiff's complaint, motion to proceed *in forma pauperis*, certified prisoner trust account statement, and motion to appoint counsel. (Docs. 1, 2, 3, 4.) The complaint named thirty-six defendants and contained factual allegations regarding events that took place at

SCI-Camp Hill and SCI-Houtzdale. (Doc. 1.) On October 15, 2024, the court entered an order granting the motion to proceed *in forma pauperis*, screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissing all claims except those against the fourteen defendants named as parties to the actions that took place at SCI-Camp Hill. (Doc. 7.) The court then served the complaint on twelve of the fourteen defendants.[1] (Doc. 8.) The twelve defendants who were served filed waivers of service. (Docs. 12, 15.)

On December 16, 2024, Defendant Wanga filed a motion to dismiss the complaint. (Doc. 20.) On January 28, 2025, Plaintiff filed a motion to amend the complaint, a proposed amended complaint, and a brief in support. (Docs. 25, 25-2, 26.) The court granted the motion to amend the complaint, screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied the motion to dismiss as moot. (Docs. 29, 30.)

The amended complaint was then filed as a separate document and is now the operative complaint in the matter. (Doc. 31.) This amended complaint names the following 18 Defendants: (1) Iagovino, Correctional Officer at SCI-Camp Hill; (2) Zimmerman, Correctional Officer at SCI-Camp Hill; (3) Ressler, Correctional

---

[1] For an unknown reason, Defendant P.R.E.A. Coordinator Comeaux was terminated as a party and not served a copy of the complaint as ordered by the court. (Doc. 8.) Additionally, defendant "John Doe 1" was not served due to a lack of identifying information.

Officer, at SCI-Camp Hill; (4) Yox, Correctional Officer at SCI-Camp Hill; (5) McSherry, Correctional Officer at SCI-Camp Hill; (6) Elwell, Lieutenant at SCI-Camp Hill; (7) Michael C. Gourley ("Gourley"), Superintendent at SCI-Camp Hill; (8) Lindsy M. Kendall ("Kendall"), D.S.F.M. at SCI Camp-Hill; (9) William F. Nicklow ("Nicklow"), D.S.C.S. at SCI-Camp Hill; (10) Timpe, Sergeant at SCI-Camp Hill; (11) Erin L. Miller ("Miller"), Unit Manager at SCI-Camp Hill; (12) Tracy K. Comeaux ("Comeaux"), P.R.E.A. Coordinator at SCI-Camp Hill; (13) Christina M. Srebro ("Srebro"), Unit Manager at SCI-Camp Hill; (14) Michelle L. Eckstein ("Eckstein"), Psychologist at SCI-Camp Hill; (15) James F. Kehoe ("Kehoe"), Unit Manager at SCI- Camp Hill; (16) Kevin Wanga ("Wanga"), Psychiatrist at SCI-Camp Hill; (17) Laurel R. Harry, Secretary of Corrections; and (18) John Doe, Major of Unit Managers at SCI-Camp Hill. (Doc. 1, pp. 3–6.)

The amended complaint contains allegations that Plaintiff is a transgender female who suffers from psychological trauma and safety concerns with being housed in a cell with another inmate, and Plaintiff informed staff at SCI-Camp Hill of these safety concerns. (*Id*., p. 8.)[2] Plaintiff states that on October 19, 2023, Plaintiff met with the PREA coordinator, Defendant Comeaux, and made her aware of Plaintiff's sexual orientation, psychological trauma, and safety concerns. (*Id*.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

On October 20, 2023, a "PAC Meeting" was held with Plaintiff and Defendants Comeaux, Gourely, Kendall, Nicklow, "and others." (*Id.*, p. 9.) It was determined by the staff at the meeting that Plaintiff would be housed in general population with cell mates despite Plaintiff's protest. (*Id.*)

On October 23, 2023, Plaintiff was placed in a cell in G-Block under the care of Defendant Kehoe with a Muslim inmate who vocalized his hatred of homosexuality. (*Id.*, p. 9.) Plaintiff complained to Defendant Kehoe who stated that Defendant Comeaux told him that Plaintiff could have cell mates. (*Id.*, p. 10.) Plaintiff then contacted Defendant Comeaux expressing a desire to be housed in a single cell for safety reasons. (*Id.*) On November 2, 2023, Plaintiff was transferred to a single cell with Defendant Kehoe reporting that the move was based on the request to Defendant Comeaux. (*Id.*) However, that same day, Plaintiff was later transferred to the restricted housing unit ("RHU") and was told that Plaintiff had threatened the cellmate in the complaint slip sent to Defendant Comeaux. (*Id.*) Upon arrival at the RHU, Plaintiff was subjected to a strip search by Defendant Iagovino and Plaintiff made him aware of the need to be housed in a single cell. Defendant Iagovina reported that Plaintiff was to be housed with another inmate in the RHU. (*Id.*, p. 11.) Plaintiff alleges that during the strip search, Defendant Iagovino required Plaintiff to stand in a compromising position

for an extended period of time. (*Id.*) Plaintiff's cellmate in the RHU expressed hatred for homosexuality based on his Muslim faith and threatened Plaintiff. (*Id.*)

Plaintiff immediately called for officers and was ignored. (*Id.*) Plaintiff informed Defendant Eckstein about the safety concerns, reported thoughts of suicide, and was ignored. (*Id.*, pp. 11–12.) Plaintiff then began to form a noose with a sheet. (*Id.*, p. 12.) Plaintiff then used the noose in an attempt to commit suicide through hanging. (*Id.*) Plaintiff's cellmate then alerted officers that his cellmate was attempting suicide. (*Id.*) When Defendants Iagovino, Zimmermen, Ressler, Yox, McSherry, and Timpe entered the cell, Plaintiff was hit repeatedly with a shield while Plaintiff's neck was in the noose, and Plaintiff suffered injuries. (*Id.*, pp. 12–13.) Plaintiff also alleges that the officers who arrived at the cell repeatedly taunted Plaintiff, including encouraging suicide. (*Id.*) When Plaintiff was escorted to medical, Defendant Zimmerman told Plaintiff "You['re] a stupid faggot, you['re] still gonna get a cellmate, so just kill yourself." (*Id*, p. 12.)

Plaintiff was taken to medical and was treated for physical injuries. (*Id.*) Plaintiff was placed in a psychiatric observation cell from November 2, 2023 through November 7, 2023. (*Id.*, p. 13.) On November 7, 2023, Defendant Wanga saw Plaintiff, and Plaintiff reported a suicidal mindset. (*Id.*) Defendant Wanga allegedly ignored Plaintiff, told Plaintiff about being released back to the RHU, and walked out of the room while Plaintiff continued to protest citing a fear of

being placed back in the RHU. (*Id.*) Plaintiff states that Nurse Kimberly M. Bogue was present. (*Id.*)

Plaintiff was then placed back in the RHU cell with no property, no heat, no recreation, and no shower from November 7, 2023 to November 20, 2023 under the order from Defendant Miller. (*Id.*, p. 14.) During this time Plaintiff was transferred to a second cell and housed in unsanitary conditions and remained there under the order of Defendant Miller. (*Id.*, p. 15.) Plaintiff reported these conditions to Defendants Timpe and Elwell who laughed at Plaintiff. (*Id.*) Plaintiff also reported feelings of suicide and self-harm to Defendants Timpe and Elwell and requested to speak to psychology. (*Id.*, pp. 15–16.) Defendants Timpe and Elwell again laughed. (*Id.*, p. 16.) Plaintiff reports taunting comments concerning suicide from Defendants Timpe, Elwell, Zimmerman, and McSherry. (*Id.*)

On November 20, 2023, Plaintiff was released from the RHU without any property or underwear. (*Id.*) Plaintiff was placed on H-block under the care of Defendant Srebro, but was not able to speak with Defendant Srebro. (*Id.*, pp. 17–18). Plaintiff spoke with the unit sergeant of the need to speak with Defendant Srebro regarding housing concerns, but Plaintiff later learned that Defendant Srebro was already aware of the housing concerns. (*Id.*, p. 17.) Plaintiff was denied speaking with Defendant Srebro, was told to submit a request slip regarding

housing concerns, and submitted a request slip on November 20, 2023. (*Id.*) Plaintiff received a request slip denial from Defendant Srebro giving Plaintiff the option to go back to the RHU. (*Id.*) Plaintiff informed Defendant John Doe of housing concerns and was placed in a cell with a third inmate who then sexually assaulted Plaintiff. (*Id.*, pp. 17–18.) Plaintiff reported the assault to the H-Block Unit Sergeant on November 21, 2023. (*Id.*, pp. 18–19.) Plaintiff alleges that the Unit Sergeant reported the events to Defendant Srebro. (*Id.*, p. 19.) Plaintiff states that Defendant Srebro did not believe the account of the sexual assault. (*Id.*) Plaintiff reported to nonparty Ms. Ludwig that Plaintiff was suicidal if forced to return back to the cell with the third inmate, and was placed in a medical psychiatric observation cell. (*Id.*) Plaintiff spoke with Nurses Kimberly and Bogue, who initiated a PREA complaint. (*Id.*)

Based on these alleged facts, Plaintiff listed the following fifteen counts:

1. Use of excessive force and retaliation against Defendants Iagovino, Zimmerman, Harry, Ressler, Yox, McSherry, Timpe, and Gourley for the events following Plaintiff's report of unsafe housing environment and attempted suicide;

2. Eighth Amendment conditions of confinement and retaliation claims against Defendants Miller, Eckstein, Gourley, Elwell, Iagovino, Timpe, Zimmerman, Ressler, Yok, McSherry, Srebro, Kendall, Nicklow, Comeaux, Kehoe, John Doe, and Harry based on the allegations of living environment;

3. Retaliation claim against Defendants Miller, Elwell, Timpe, Zimmerman, Ressler, Yox, McSherry, Iagovino, Nicklow, Kendall,

Gourley, and Harry for the denial of Plaintiff's recreation and showers following Plaintiff's advocacy for a safe living environment;

4. A denial of freedom of speech claim against Defendants Miller, Elwell, Timpe, Gourley, Nicklow, Kendall, and Harry based on the allegations that Plaintiff was denied the ability to send and receive mail;

5. A Fourth Amendment claim against Defendants Iagovino, Harry, Gourley, Nicklow, Kendal, and Miller based on the allegations of the strip search;

6. An Eighth Amendment deliberate indifference claim against Defendants Iagovino, Zimmerman, Ressler, Yox, McSherry, Timpe, Wanga, Elwell, Eckstein, Miller, Gourley, Nicklow, Kendal, and Harry;

7. An Eighth Amendment excessive use of excessive force claim against Iagovino, Zimmerman, Ressler, Yox, McSherry, Timpe, Gourley, Nicklow, Kendall, Miller and Harry;

8. An Eighth Amendment deliberate indifference claim against Defendants Iagovino, Zimerman, Ressler, Yox, McSherry, Timpe, Elwell, Miller, Srebro, Comeaux, Gourley, Kendall, Nicklow, John Doe, Harry, and Kehoe based on the alleged unsafe living conditions;

9. An Eighth Amendment deliberate indifference to Plaintiff's safety claim against Defendants Srebro, Comeaux, Gourley, Kendall, Miller, Nicklow, John Doe, and Harry;

10. An Eighth Amendment claim against Defendants Elwell, Timpe, McSherry, Gourley, Nicklow, Kendall, Haryr, and Miller based on verbal harassment;

11. Eighth Amendment cruel and unusual punishment claim against Defendants Iagovino, Zimmerman, Gourley, Nicklow, Miller, Kendall, and Harry based on alleged sexual harassment;

12. An Eighth Amendment deliberate indifference claim against Defendants Iagovino, Elwell, Timpe, Zimmerman, McSherry, Miller, Eckstein, Gourley, Nicklow, Kendall, and Harry based on an alleged campaign of harassment;

13. An Eighth Amendment cruel and unusual punishment claim against Defendants Elwell, Timpe, McSherry, Miller, Gourley, Nicklow Kendall, and Harry based on alleged verbal harassment;

14. A Fourteenth Amendment equal protection claim against Defendants Iagovino, Miller, Timpe, Elwell, Gourley, Comeaux, Kendall, Nicklow, John Doe, Kehoe, and Harry based on a refusal to house Plaintiff safely as other transgender females are housed; and

15. A Fourteenth Amendment equal protection claim against Defendants Iagovino, Miller, Gourley, Nicklow, Kendall, and Harry based on alleged sexual harassment towards Plaintiff.

(*Id*., pp. 22–27.)

On April 21, 2025, Defendant Wanga filed a motion to dismiss the amended complaint, arguing that Plaintiff did not exhaust administrative remedies and that Plaintiff failed to state a claim for which relief may be granted against Defendant Wanga. (Doc. 39.) Plaintiff filed a brief in opposition, and Defendant Wanga filed a reply brief. (Docs. 62, 63.) On March 10, 2026, the court entered a memorandum and order finding that Plaintiff had failed to state a claim for which relief may be granted against Defendant Wanga and granting the motion. (Docs. 64, 65.) Therefore, all claims against Defendant Wanga were dismissed. (Doc. 65.)

Meanwhile, on May 29, 2025, the remaining Defendants answered the amended complaint. (Doc. 43.) Plaintiff then moved for an entry of default alleging that Defendants Gourley, Nicklow, Kendall, and Comeaux had not timely appeared before the court. (Doc. 48.) On June 30, 2025, the court entered an order

finding that these Defendants had appeared, but were omitted from the answer. (Doc. 51.) The court ordered the four Defendants file a supplemental answer. (*Id.*) On July 11, 2025, Defendants filed an amended answer. (Doc. 52.)

On May 22, 2026, Defendants filed a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and a brief in support of the motion. (Docs. 70, 71.) After no brief in opposition was filed by Plaintiff, the court entered an order *sua sponte* extending the deadline for Plaintiff's brief in opposition to July 6, 2026, and warning Plaintiff that a failure to file a brief in opposition will result in the motion being deemed unopposed. (Doc. 74.) Plaintiff filed an unsigned and undated brief in opposition to the motion for judgment on the pleadings that was received and docketed by the court on July 6, 2026, and contained several exhibits. (Doc. 82.) On the same day, Defendants filed a reply brief concerning the pending motion for judgment on the pleadings. (Doc. 83.)

In addition, Plaintiff has filed three motions to for appointment of counsel. (Docs. 69, 81, 87.)

The court will now address the motion for judgment on the pleadings and the motions for appointment of counsel.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## STANDARD

After the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters

of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## DISCUSSION

### A. Defendants' Motion for Judgment on the Pleadings Will be Granted.

In their motion for judgment on the pleadings, Defendants are challenging the following fifteen claims raised in the complaint:

- Count I excessive force as against Gourley;

- Count II conditions as against Eckstein, Gourley, Elwell, Iagovino, Timpe, Zimmerman, Ressler, Yox, McSherry, Srebro, Kendall, Nicklow, Comeaux, and Kehoe;

- Counts I, II, and III retaliation as against all Defendants;

- Count IV freedom of speech as against Elwell, Timpe, Gourley, Nicklow, and Kendall;

- Count V unreasonable search as against Gourley, Nicklow, Kendall, and Miller;

- Count VI deliberate indifference to medical needs (suicide) as against Iagovino, Ressler, Yox, Miller, Gourley, Nicklow, and Kendall;

- Count VII excessive force as against Gourley, Nicklow, Kendall, and Miller;

- Count VIII conditions as against Iagovino, Zimmerman, Ressler, Yox, McSherry, Timpe, Elwell, Srebro, Comeaux, Gourley, Kendall, Nicklow, and Kehoe;

- Count IX failure to protect as against Srebro, Comeaux, Gourley, Kendall, Miller, and Nicklow;

- Count X "campaign of harassment" as against Elwell, Timpe, McSherry, Gourley, Nicklow, Kendall, and Miller;

- Count XI sexual harassment as against Iagovino, Zimmerman, Gourley, Nicklow, Miller, and Kendall;

- Count XII deliberate indifference to "campaign of harassment" as against Iagovino, Elwell, Timpe, Zimmerman, McSherry, Miller, Eckstein, Gourley, Nicklow, and Kendall;

- Count XIII "verbal harassment" as against Elwell, Timpe, McSherry, Miller, Gourley, Nicklow, and Kendall;

- Count XIV equal protection for refusing to house Plaintiff like other transgender inmates as against Iagovino, Timpe, and Elwell; and

- Count XV sexual harassment as against Iagovino, Miller, Gourley, Nicklow, and Kendall.

(Doc. 71, pp. 4–5.)

In his unsigned and undated response, Plaintiff argues that Defendants' motion must be dismissed because discovery is not yet complete and cites to the standard applied to motions for summary judgment. (Doc. 82.) In doing so, Plaintiff does not present any specific opposition to the fifteen different claims Defendants seek to be dismissed. (*Id.*)

As set forth above, a motion for judgment on the pleadings only considers facts contained in the complaint, "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these

documents. *Mayer*, 605 F.3d at 230. Therefore, discovery is not necessary to oppose a motion for judgment on the pleadings. Plaintiff has applied the wrong standard to the motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

In addition to not signing the brief and arguing the wrong standard, Plaintiff did not address Defendants' arguments concerning the fifteen claims in the motion for judgment on the pleadings. By not addressing Defendants' arguments in his opposition, Plaintiff leaves those arguments unrefuted and any opposition from Plaintiff is waived. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's grant of a motion to dismiss on grounds raised in defendants' motion but not addressed in plaintiff's opposition despite "ample opportunity" to contest it) (citing *Confer v. Custom Eng'g Co.*, 952 F.2d 41, 44 (3d Cir. 1991) and *Laborers' Intern. Union of N. Am., AFL–CIO v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994)); *Coit v. Wynder*, No. 22-cv-1277, 2025 WL 2656069, at *9 (M.D. Pa. Sept. 16, 2025) (stating that pro se plaintiff's failure to specifically address Defendants' motion to dismiss his general cruel-and-unusual claim in his opposition brief constitutes a waiver or abandonment of this claim"); *Robins v. Wetzel*, No. 3:21-1474, 2026 WL 2393215, at *16 (M.D. Pa. Aug. 17, 2026) (finding that pro se plaintiff "waived his claim for a violation of the Pennsylvania Constitution by failing to address Defendants' arguments for dismissal in his oppositional brief.").

Defendants filed their motion for judgment on the pleadings on May 22, 2026. (Doc. 70.) The court *sua sponte* granted Plaintiff through July 6, 2026 to file a brief in opposition after he missed the deadline under Local Rule 7.6. (Doc. 74.) Plaintiff's brief in opposition was unsigned and undated, but received by the court on July 6, 2026. (Doc. 82.) The court granted Plaintiff ample time to respond to Defendants' motion to dismiss, and his response did not address the merits. Therefore, the court finds that Plaintiff has waived his opposition to judgment being entered in Defendants' favor on these fifteen claims, and the court will grant Defendants' motion for judgment on the pleadings.

**B. Plaintiff's Motions for Appointment of Counsel Will be Denied.**

Plaintiff also has filed three motions for appointment of counsel. (Docs. 69, 81, 87.) Plaintiff's first and third motions appear to be identical and argue that his incarceration makes it challenging to litigate this action. (Docs. 69, 87.) In contrast, Plaintiff's second motion addresses a more specific concern that Plaintiff is attempting to gather discovery that Defendants argue cannot be released to a prisoner based on security concerns. (Doc. 81.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is

a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the plaintiff's ability to retain counsel on his or her own behalf;
> (5) the extent to which a case is likely to turn on credibility determinations, and;
> (6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

The court notes that Plaintiff has filed two motions to compel, but did not support these motions with any briefing or copies of Defendants' responses to the discovery requests at issue and these motions were deemed withdrawn by the court. (Docs. 78, 80, 85.) Plaintiff is clearly attempting to participate in discovery,

but is not following federal or local rules of civil procedure. The court notes that these rules were made available to him upon the filing of the complaint in August of 2024. (Doc. 6-3.) The court also notes the limited availability to pro bono attorneys in the district and will deny the pending motions for appointment of counsel without prejudice. If it becomes apparent that counsel is necessary, Plaintiff may renew his motion or the court may appoint counsel *sua sponte*.

## CONCLUSION

For the above-stated reasons, the court will grant Defendants' motion for judgment on the pleadings and enter judgment in favor of Defendants on the following claims: (1) Eighth Amendment excessive force claim against Defendant Gourley (Count 1); (2) the Eighth Amendment conditions of confinement claim against Defendants Eckstein, Gourley, Elwell, Iagovino, Timpe, Zimmerman, Ressler, Yox, McSherry, Srebro, Kendall, Nicklow, Comeaux, and Kehoe (Count 2); (3) the First Amendment retaliation claims against all Defendants (Count 1, 2, 3); (4) the First Amendment freedom of speech claim against Defendants Elwell, Timpe, Gourley, Nicklow, and Kendall (Count 4); (5) the Fourth Amendment unreasonable search claim against Defendants Gourley, Nicklow, Kendall, and Miller (Count 5); (6) the Eighth Amendment deliberate indifference to medical needs associated with the suicide attempt claim against Defendants Iagovino, Ressler, Yox, Miller, Gourley, Nicklow, and Kendall (Count 6); (7) the Eighth

Amendment use of excessive force claim against Defendants Gourley, Nicklow, Kendall, and Miller (Count 7); (8) the Eighth Amendment conditions of confinement claims against Defendants Iagovino, Zimmerman, Ressler, Yox, McSherry, Timpe, Elwell, Srebro, Comeaux, Gourley, Kendall, Nicklow, and Kehoe (Count 8); (9) the Eighth Amendment failure to protect claim against Defendants Srebro, Comeaux, Gourley, Kendall, Miller, and Nicklow (Count 9); (10) the "campaign of harassment" claim against Defendants Elwell, Timpe, McSherry, Gourley, Nicklow, Kendall, and Miller (Count 10); (11) the sexual harassment claim against Defendants Iagovino, Zimmerman, Gourley, Nicklow, Miller, and Kendall (Count 11); (12) the Eighth Amendment deliberate indifference to "campaign of harassment" claim against Defendants Iagovino, Elwell, Timpe, Zimmerman, McSherry, Miller, Eckstein, Gourley, Nicklow, and Kendall (Count 12); (13) the "verbal harassment" claim against Defendants Elwell, Timpe, McSherry, Miller, Gourley, Nicklow, and Kendall (Count 13); (14) the Fourteenth Amendment equal protection for refusing to house Plaintiff like other transgender inmates claim against Defendants Iagovino, Timpe, and Elwell (Count 14); and (15) the sexual harassment claim against Defendants Iagovino, Miller, Gourley, Nicklow, and Kendall (Count 15).

The surviving claims include the following seven claims: (1) the Eighth Amendment excessive force claim against Defendants Iagovino, Zimmerman,

Harry, Ressler, Yox, McSherry, Timpe (Counts 1, 7); (2) the Eighth Amendment conditions of confinement claims against Defendant Miller (Counts 2, 8); (3) The Eighth Amendment deliberate indifference claim associated with suicide against Defendants Eckstein on November 2, 2023, and Defendants Elwell, McSherry, Timpe, and Zimmerman on November 11, 2023 (Count 6); (4) the First Amendment speech claim against Defendant Miller for denial of mail (Count 4); (5) the Fourth Amendment unreasonable search claim against Defendant Iagovino (Count 5); (6) the Eighth Amendment failure to protect claim against Defendants Comeaux, Gourley, Kendall, and Nicklow (Count 9); and (7) the Fourteenth Amendment equal protection claim against Defendants Comeaux, Gourley, Kendall, and Nicklow (Count 14).

The court will also deny Plaintiff's motions for appointment of counsel without prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 24, 2026